## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

### CASE NO. _____

THOMAS C. GASPARD
(10305 Cutters Lane
Potomac, MD 20854),
AS PERSONAL REPRESENTATIVE
OF THE ESTATES OF
RUI WANG (DECEASED),
WEIWEI JIAO (DECEASED), AND
SHULING DAI (DECEASED),

       Plaintiffs,

       vs.

MALAYSIA AIRLINES BERHAD,
d/b/a "Malaysia Airlines," (Level 33,
Tower 2, Petronas Twin Towers,
Kuala Lumpur City Center,
50088 Kuala Lumpur) and
MALAYSIAN AIRLINE SYSTEM BERHAD
(Administrator Appointed), (Tingkat 3,
Administration Building 1, MAS
Complex A, Sultan Abdul Aziz
Shah Airport, 47200 Subang Jaya, Selangor)
d/b/a "Malaysia Airlines,"

       Defendants.

_____/

### COMPLAINT

The Plaintiff, THOMAS C. GASPARD (hereinafter "the Plaintiff"), as Personal

Representative of the Estates of RUI WANG (DECEASED), WEIWEI JIAO (DECEASED),

AND SHULING DAI (DECEASED) (collectively, "the Decedents"), by and through

undersigned counsel, for the purpose of making and filing a complaint against the Defendants,

MALAYSIA AIRLINES BERHAD, a Malaysian company owned by the Government of

Malaysia (hereinafter "MAB"), and MALAYSIAN AIRLINE SYSTEM BERHAD

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

(Administrator Appointed), a Malaysian company owned by the Government of Malaysia (hereinafter "MASB"), hereby states as follows:

## GENERAL ALLEGATION

1.      This is an action for damages, pursuant to the Convention between the United States of America and Other Governments on Aviation, at S. Treaty Doc. No. 10645, May 28, 1999, T.I.A.S. No. 13038 (effective Nov. 4, 2003) (hereinafter "Montreal Convention"), based on the death of the Decedents, citizens and residents of the People's Republic of China, who were passengers onboard a Boeing 777-2H6ER airplane, with serial number 28420 and registration number 9M-MRO ("the Boeing Aircraft"), operated by MASB as Malaysia Airlines Flight MH370, which was traveling from Kuala Lumpur, Malaysia, to Beijing, China on March 8, 2014 ("Flight MH370").

2.      Jurisdiction is proper in the United States, as described more fully below, because the Decedents purchased their tickets for Flight MH370 through an American travel agency operating under a contract with MASB (now MAS) to sell tickets for MASB flights in the United States.

## THE PARTIES

3.      At all times material to this Complaint, the Decedent, RUI WANG, was a citizen, national, and resident of the People's Republic of China. RUI WANG was a passenger onboard Flight MH370. RUI WANG was the husband of Decedent WEIWEI JIAO and the son-in-law of Decedent SHULING DAI.

4.      At all times material to this Complaint, the Decedent, WEIWEI JIAO, was a citizen, national, and resident of the People's Republic of China. WEIWEI JIAO was a passenger

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358 2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

onboard Flight MH370. WEIWEI JIAO was the wife of Decedent RUI WANG and the daughter of Decedent SHULING DAI.

5.     At all times material to this Complaint, the Decedent, SHULING DAI, was a citizen, national, and resident of the People's Republic of China. SHULING DAI was a passenger onboard Flight MH370. SHULING DAI was the mother of Decedent WEIWEI JIAO and the mother-in-law of Decedent RUI WANG.

6.     The Plaintiff, THOMAS C. GASPARD, is a citizen, national, and resident of the United States. Specifically, he is a resident of the State of Maryland.

7.     The Plaintiff, THOMAS C. GASPARD, will, after the filing of this Complaint, file an application to be appointed Personal Representative of the Estates of the Decedents, RUI WANG, WEIWEI JIAO, and SHULING DAI. Pursuant to D.C. Stat. § 20-505, "[g]ood faith acts beneficial to the estate which in fact were committed by the personal representative prior to issuance of letters shall have the same effect as acts occurring after the issuance of letters."

8.     The Plaintiff, THOMAS C. GASPARD, brings this claim on behalf of the Estates of the Decedents, as well as on behalf of the survivors, beneficiaries, and heirs of the Decedents, including, but not limited to:

  a.  HAILIN WANG (father of RUI WANG);

  b.  JIN SUN (mother of RUI WANG);

  c.  PENG WANG (brother of RUI WANG);

  d.  SHUQIN DAI (sister of SHULING DAI and aunt of WEIWEI JIAO);

  e.  SHUYING DAI (sister of SHULING DAI and aunt of WEIWEI JIAO);

  f.  FENGLIN DAI (brother of SHULING DAI and uncle of WEIWEI JIAO);

  g.  WENXING JIAO (uncle of WEIWEI JIAO); and

3

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358 2382  •  Fort Lauderdale 954.463.4346  www.podhurst.com

h.  WENHUI JIAO (uncle of WEIWEI JIAO).

9.   The Defendant, MAB d/b/a "Malaysia Airlines" (formerly known as MASB), is a Malaysian air carrier domiciled in Malaysia, organized under the laws of Malaysia, and wholly owned by the Government of Malaysia. After Flight MH370, the Government of Malaysia purchased the outstanding privately-owned shares of MASB and changed MASB's name to MAB.  It then hired all or almost all of MASB's former employees and placed MASB's CEO as CEO of the newly-formed MAB. In essence, then, MAB is MASB under a slightly different name. This transfer of assets occurred without notice to the families of the men and women killed on Flight MH370 and without their consent. As the successor in interest to MASB, MAB is liable for the damages caused by MASB's conduct.

10.   The Defendant, MASB d/b/a "Malaysia Airlines" (now known as MAB), was, at the time of Flight MH370, a Malaysian air carrier domiciled in Malaysia, organized under the laws of Malaysia, and 69.37%-owned by the Government of Malaysia. After Flight MH370, the Government of Malaysia purchased the outstanding privately-owned shares of MASB and changed MASB's name to MAB.  Again, as the successor in interest to MASB, MAB is liable for the damages caused by MASB's conduct.

11.   As an air carrier, the Defendants engage and have engaged in "commercial activity" within the meaning of 28 U.S.C. § 1605(a)(2) of the Foreign Sovereign Immunities Act ("FSIA").

12.   By operating Flight MH370, the Defendants engaged in "commercial activity" within the meaning of 28 U.S.C. § 1605(a)(2) of the FSIA.

13.   By selling a ticket through an agent for passage on Flight MH370, the Defendants engaged in "commercial activity" within the meaning of 28 U.S.C. § 1605(a)(2) of the FSIA.

4

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

14.    At all times material to this Complaint, MASB was the actual carrier for Flight MH370, which departed from Kuala Lampur, Malaysia, to Beijing, China, on March 8, 2014.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602-1611 ("FSIA").

16.    The FSIA, 28 U.S.C. § 1330(a), invests this Court with subject matter jurisdiction over this action and personal jurisdiction over the Defendants in at least the following ways:

17.    First, pursuant to 28 U.S.C. §1605(a), the Defendants have waived sovereign immunity both explicitly and by implication:

   a.  The Defendants have waived sovereign immunity explicitly by applying for, and obtaining, a Foreign Air Carrier Permit issued by the Federal Aviation Authority ("FAA") under 49 U.S.C. § 41301. That permit was issued to MASB d/b/a "Malaysia Airlines" (now MAB) by order of the FAA on August 1, 2002, and remained in effect through the date of Flight MH370. In Attachment A to that permit, entitled "Foreign Air Carrier Conditions of Authority," MASB (now MAB) agreed to waive sovereign immunity under the FSIA in actions brought against it in the courts of the United States (a) "for which the contract of carriage was purchased in the United States"; or (b) that are "based on a claim under any international agreement or treaty cognizable in any court or tribunal of the United States." This action fits both criteria, though it need only satisfy one. The contracts of carriage—that is, the Decedents' airline tickets for Flight MH370— were purchased from an American company operating in the United States; and this claim is based on an international treaty—the Montreal Convention—that has been

5

signed and ratified both by the Government of Malaysia and the United States and that is cognizable in the courts of the United States.

b.   The Defendants, agents of the Government of Malaysia, also waived sovereign immunity explicitly and by implication when the Government of Malaysia signed, adopted, and ratified the Montreal Convention. *See* Montreal Convention, Art. 2 & Art. 57.

c.   The Defendants further waived sovereign immunity explicitly and by implication when they issued the Decedents' tickets for Flight MH370. Those tickets made clear that the Defendants' liability with respect to any injuries or death sustained on Flight MH370 would be governed only by the terms of the Montreal Convention.

18.   Finally, pursuant to 28 U.S.C. § 1330(a), the Court may exercise both subject matter jurisdiction over this action and personal jurisdiction over the Defendants because an "applicable international agreement," specifically, the Montreal Convention, strips the Defendants of their entitlement to immunity. The Montreal Convention applies to this action as a result of the following facts:

a.   Prior to Flight MH370, the United States (where the contract of carriage was made), the Government of Malaysia (where Flight MH370 began), and the People's Republic of China (where Flight MH370 was scheduled to land) signed, adopted, and ratified the Montreal Convention. Therefore, these countries were, and still are, "States Parties" for purposes of the Montreal Convention;

b.   At the time of Flight MH370, MASB (now MAB) operated "services for the carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to a commercial agreement," *see* Montreal Convention, Article 33(2), to the following destinations within the United States: Los Angeles, California; San Francisco, California;

6

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

Denver, Colorado; Chicago, Illinois; Dallas, Texas; Phoenix, Arizona; Washington, D.C.; New York, New York; and Boston, Massachusetts;

c. At the time of Flight MH370, MASB (now MAB) conducted "its business of carriage of passengers by air from premises" in the United States that were "leased or owned by [MASB (now MAB)] itself or by another carrier with which [MASB (now MAB)] ha[d] a commercial agreement." *See* Montreal Convention, Article 33(2).

d. At the time of Flight MH370, MASB (now MAB) had "a place of business," within the meaning of Article 33 of the Montreal Convention, in the following locations in the United States: 1111 E. Touhy Ave., Suite 232, Des Plaines, Illinois 60018; 500 Continental Boulevard, Suite 100, El Segundo, California 90245; 147 West 35th Street, Suite 1505, New York, New York 10001; and 3050 Post Oak Boulevard, Suite 1320, Houston, Texas 77056. *See* www.malaysiaairlines.com/my/en/contact.html.

e. MASB (now MAB) had "a place of business," within the meaning of Article 33 of the Montreal Convention, in Washington, D.C. *See* http://corp.dcra.dc.gov/bizentity.aspx/viewentitydata?entityid=2794274.

f. At the time of Flight MH370, MASB (now MAB), was, and still is, licensed to do business in the following locations in the United States: Illinois; California; New York; Texas; and Hawaii. *See* www.malaysiaairlines.com/my/en/contact.html.

g. The Decedents' "contracts" for Flight MH370 were "made," pursuant to Article 33 of the Montreal Convention, in Chicago, Illinois, in the United States; that is, the Decedents' tickets for Flight MH370 were issued by Orbitz, an American travel agency, out of its offices in the United States.

7

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

19.    The Plaintiffs will serve process on the Defendants pursuant to the provisions of the FSIA, 28 U.S.C. § 1608(b).

20.    The Court may exercise personal jurisdiction over the Defendants because, under the terms of the FSIA, "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have," as here, subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a), and where, as here, service will be made under 28 U.S.C. § 1608.

21.    MAB (formerly MASB) is wholly owned by the Government of Malaysia, and the Malaysian Government exercises sufficient control over MAB (formerly MASB) as to create a principal/agent relationship.

22.    MASB (now MAB) was, at the time of Flight MH370, majority-owned by the Government of Malaysia, and the Malaysian Government exercised sufficient control over MASB (now MAB) as to create a principal/agent relationship.

23.    Venue is proper in the District of Columbia, pursuant to 28 U.S.C. § 1391(f)(4), because, at all times relevant hereto, the Defendants were owned by the Government of Malaysia; therefore, "the action is brought against a foreign state or political subdivision thereof."

24.    All conditions precedent to bringing this action have been met.

## THE FACTS

### The Decedents and the "Contract of Carriage"

25.    At the time of Flight MH370, the Decedent, RUI WANG, was employed with the Boston Consulting Group, an American company.

26.    The Decedent, RUI WANG, purchased all of the Decedents' tickets for Flight MH370 through Orbitz, an American travel agency operating out of Chicago, Illinois.

8

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

27.     Prior to Flight MH370, MASB (now MAB) entered into an agreement with Orbitz, whereby Orbitz would market, promote, sell, and issue tickets in the United States for MASB (now MAB) flights.

28.     Upon information and belief, MASB (now MAB) entered into this agreement with Orbitz in order to benefit from the enormous financial potential associated with promoting, marketing, selling, and issuing MASB (now MAB) tickets in the United States.

### Flight MH370

29.     On March 8, 2014, the Decedents boarded Flight MH370 in Kuala Lumpur, Malaysia.

30.     Flight MH370 departed from Kuala Lumpur International Airport on March 8, 2014 at 00:41 Malaysia Time (abbreviated "MYT") and was scheduled to land at Beijing Capital International Airport at 06:30 MYT.   The Boeing Aircraft climbed to its assigned cruising altitude of 35,000 feet and began traveling at a true air speed of 542 miles per hour ("mph"). But Flight MH370 never arrived in Beijing.

31.     Flight MH370 suffered an "accident" that killed all 239 people onboard, including the Decedents.

32.     On January 29, 2015, the Defendants, through the Director General of Malaysia's Department of Civil Aviation, declared that Flight MH370 resulted in an "accident" that killed all 239 people onboard, including the Decedents.

### COUNT I
### CLAIM FOR RELIEF BY RUI WANG
### UNDER THE MONTREAL CONVENTION
### AGAINST THE DEFENDANTS

33.     The Plaintiff incorporates the allegations laid out in paragraphs 1-32 of this Complaint as if fully set forth herein.

34.     The Decedent, RUI WANG, was a passenger onboard Flight MH370.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358 2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

35.     Flight MH370 resulted in an "accident" within the meaning of Article 17 of the Montreal Convention.

36.     That "accident" led directly and proximately to the injury and death of the Decedent, RUI WANG.

37.     Prior to March 8, 2014, the United States signed, ratified, and adopted as law the Montreal Convention, as well as all subsequent amendments to the Montreal Convention.

38.     Prior to March 8, 2014, the People's Republic of China signed, ratified, and adopted as law the Montreal Convention, as well as all subsequent amendments to the Montreal Convention.

39.     Prior to March 8, 2014, the Government of Malaysia signed, ratified, and adopted as law the Montreal Convention, as well as all subsequent amendments to the Montreal Convention.

40.     Because Flight MH370 was between points in two different nations, that is, between Malaysia and the People's Republic of China, and because both Malaysia and the People's Republic of China were, at the time of Flight MH370, signatories to the Montreal Convention, Flight MH370 constituted "international carriage" as that phrase is defined in Article 1(2) of the Montreal Convention. The Montreal Convention is therefore applicable to this action pursuant to Article 1(1) of that treaty.

41.     Article 39 of the Montreal Convention identifies two classes of carriers that are subject to liability.  One of those two classes is the "actual carrier," which is defined as one who "performs . . . the whole or part of the carriage." Under Article 39, MASB (now known as MAB) was the "actual carrier" of Flight MH370.

42.     Pursuant to Article 17 of the Montreal Convention, the carrier—that is, MASB (now MAB)—"is liable for damage sustained in the case of death or bodily injury to a passenger upon

10

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358 2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

43.     The Defendants' liability for the injuries and death of the Decedent, RUI WANG, under the Montreal Convention is absolute—that is, it is premised on strict liability, up to 113,000 Special Drawing Rights ("SDR").

44.     In addition, pursuant to Article 21(2) of the Montreal Convention, the Defendants are liable to the Plaintiff for all personal injury or wrongful death damages exceeding 113,000 SDR unless the Defendants can prove that: (a) the injuries and death were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries or deaths were solely due to the negligence or other wrongful act or omission of a third party.

45.     The Defendants can prove neither of the exceptions to liability set forth in Article 21(2) of the Montreal Convention.

46.     The Defendants are therefore liable to the Plaintiff for all compensatory damages and all damages to which the Plaintiff, the Decedent's Estate, and the survivors, beneficiaries, and heirs of the Decedent's Estate may be entitled under applicable law, including but not limited to:

   a.   pain and suffering and pre-impact terror and fright of the Decedent, RUI WANG, prior to death;

   b.   pain and suffering of the Decedent's survivors, beneficiaries, and heirs after the Decedent's death;

   c.   lost society, companionship, guidance, advice, and services provided by the Decedent to the survivors, beneficiaries, and heirs;

   d.   loss of support in money or in kind;

   e.   lost net accumulations;

11

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358 2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

    f.   lost value of life;

    g.  funeral expenses; and

    h.  any other damages to which the Plaintiff, the Decedent's Estate, and the survivors,

        beneficiaries, and heirs of the Decedent's Estate may be entitled under applicable law.

WHEREFORE, in light of the foregoing, the Plaintiff, THOMAS C. GASPARD, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RUI WANG, demands judgment against the Defendants, MALAYSIA AIRLINES BERHAD d/b/a "Malaysia Airlines," and MALAYSIAN AIRLINE SYSTEM BERHAD (Administrator Appointed) d/b/a "Malaysia Airlines," for compensatory damages, plus interest, costs, and attorneys' fees.

### COUNT II
### CLAIM FOR RELIEF BY WEIWEI JIAO
### UNDER THE MONTREAL CONVENTION
### AGAINST THE DEFENDANTS

47.    The Plaintiff incorporates the allegations laid out in paragraphs 1-32 of this Complaint as if fully set forth herein.

48.    The Decedent, WEIWEI JIAO, was a passenger onboard Flight MH370.

49.    Flight MH370 resulted in an "accident" within the meaning of Article 17 of the Montreal Convention.

50.    That "accident" led directly and proximately to the injury and death of the Decedent, WEIWEI JIAO.

51.    Prior to March 8, 2014, the United States signed, ratified, and adopted as law the Montreal Convention, as well as all subsequent amendments to the Montreal Convention.

52.    Prior to March 8, 2014, the People's Republic of China signed, ratified, and adopted as law the Montreal Convention, as well as all subsequent amendments to the Montreal Convention.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358 2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

53.     Prior to March 8, 2014, the Government of Malaysia signed, ratified, and adopted as law the Montreal Convention, as well as all subsequent amendments to the Montreal Convention.

54.     Because Flight MH370 was between points in two different nations, that is, between Malaysia and the People's Republic of China, and because both Malaysia and the People's Republic of China were, at the time of Flight MH370, signatories to the Montreal Convention, Flight MH370 constituted "international carriage" as that phrase is defined in Article 1(2) of the Montreal Convention. The Montreal Convention is therefore applicable to this action pursuant to Article 1(1) of that treaty.

55.     Article 39 of the Montreal Convention identifies two classes of carriers that are subject to liability.  One of those two classes is the "actual carrier," which is defined as one who "performs . . . the whole or part of the carriage." Under Article 39, MASB (now MAB) was the "actual carrier" of Flight MH370.

56.     Pursuant to Article 17 of the Montreal Convention, the carrier—that is, MASB (now MAB)—"is liable for damage sustained in the case of death or bodily injury to a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

57.     The Defendants' liability for the injuries and death of the Decedent, WEIWEI JIAO, under the Montreal Convention is absolute, that is, it is premised on strict liability, up to 113,000 Special Drawing Rights ("SDR").

58.     In addition, pursuant to Article 21(2) of the Montreal Convention, the Defendants are liable to the Plaintiffs for all personal injury or wrongful death damages exceeding 113,000 SDR unless the Defendants can prove that: (a) the injuries and death were not due to the negligence or

13

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries or deaths were solely due to the negligence or other wrongful act or omission of a third party.

59.     The Defendants can prove neither of the exceptions to liability set forth in Article 21(2) of the Montreal Convention.

60.     The Defendants are therefore liable to the Plaintiff for all compensatory damages and all damages to which the Plaintiff, the Decedent's Estate, and the survivors, beneficiaries, and heirs of the Decedent's Estate may be entitled under applicable law, including but not limited to:

  a.   pain and suffering and pre-impact terror and fright of the Decedent, WEIWEI JIAO, prior to death;

  b.   pain and suffering of the Decedent's survivors, beneficiaries, and heirs after the Decedent's death;

  c.   lost society, companionship, guidance, advice, and services provided by the Decedent to the survivors, beneficiaries, and heirs;

  d.   loss of support in money or in kind;

  e.   lost net accumulations;

  f.   lost value of life;

  g.   funeral expenses; and

  h.   any other damages to which the Plaintiff, the Decedent's Estate, and the survivors and beneficiaries of the Decedent's Estate may be entitled under applicable law.

  WHEREFORE, in light of the foregoing, the Plaintiff, THOMAS C. GASPARD, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WEIWEI JIAO, demands judgment against the Defendants, MALAYSIA AIRLINES BERHAD d/b/a "Malaysia Airlines," and

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

MALAYSIAN AIRLINE SYSTEM BERHAD (Administrator Appointed) d/b/a "Malaysia Airlines," for compensatory damages, plus interest, costs, and attorneys' fees.

**COUNT III**
**CLAIM FOR RELIEF BY SHULING DAI**
**UNDER THE MONTREAL CONVENTION**
**AGAINST THE DEFENDANTS**

61.    The Plaintiff incorporates the allegations laid out in paragraphs 1-32 of this Complaint as if fully set forth herein.

62.    The Decedent, SHULING DAI, was a passenger onboard Flight MH370.

63.    Flight MH370 resulted in an "accident" within the meaning of Article 17 of the Montreal Convention.

64.    That "accident" led directly and proximately to the injury and death of the Decedent, SHULING DAI.

65.    Prior to March 8, 2014, the United States signed, ratified, and adopted as law the Montreal Convention, as well as all subsequent amendments to the Montreal Convention.

66.    Prior to March 8, 2014, the People's Republic of China signed, ratified, and adopted as law the Montreal Convention, as well as all subsequent amendments to the Montreal Convention.

67.    Prior to March 8, 2014, the Government of Malaysia signed, ratified, and adopted as law the Montreal Convention, as well as all subsequent amendments to the Montreal Convention.

68.    Because Flight MH370 was between points in two different nations, that is, between Malaysia and the People's Republic of China, and because both Malaysia and the People's Republic of China were, at the time of Flight MH370, signatories to the Montreal Convention, Flight MH370 constituted "international carriage" as that phrase is defined in Article 1(2) of the Montreal Convention. The Montreal Convention is therefore applicable to this action pursuant to Article 1(1) of that treaty.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

69.     Article 39 of the Montreal Convention identifies two classes of carriers that are subject to liability.  One of those two classes is the "actual carrier," which is defined as one who "performs . . . the whole or part of the carriage." Under Article 39, MASB (now known as MAB) was the "actual carrier" of Flight MH370.

70.     Pursuant to Article 17 of the Montreal Convention, the carrier—that is, MASB (now MAB)—"is liable for damage sustained in the case of death or bodily injury to a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

71.     The Defendants' liability for the injuries and death of the Decedent, SHULING DAI, under the Montreal Convention is absolute, that is, it is premised on strict liability, up to 113,000 Special Drawing Rights ("SDR").

72.     In addition, pursuant to Article 21(2) of the Montreal Convention, the Defendants are liable to the Plaintiffs for all personal injury or wrongful death damages exceeding 113,000 SDR unless the Defendants can prove that: (a) the injuries and death were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries or deaths were solely due to the negligence or other wrongful act or omission of a third party.

73.     The Defendants can prove neither of the exceptions to liability set forth in Article 21(2) of the Montreal Convention.

74.     The Defendants are therefore liable to the Plaintiff for all compensatory damages and all damages to which the Plaintiff, the Decedent's Estate, and the survivors, beneficiaries, and heirs of the Decedent's Estate may be entitled under applicable law, including but not limited to:

    a.  pain and suffering and pre-impact terror and fright of the Decedent, SHULING DAI, prior to death;

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

b.  pain and suffering of the Decedent's survivors, beneficiaries, and heirs after the Decedent's death;

c.  lost society, companionship, guidance, advice, and services provided by the Decedent to the survivors, beneficiaries, and heirs;

d.  loss of support in money or in kind;

e.  lost net accumulations;

f.  lost value of life;

g.  funeral expenses; and

h.  any other damages to which the Plaintiff, the Decedent's Estate, and the survivors, beneficiaries, and heirs of the Decedent's Estate may be entitled under applicable law.

WHEREFORE, in light of the foregoing, the Plaintiff, THOMAS C. GASPARD, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHULING DAI, demands judgment against the Defendants, MALAYSIA AIRLINES BERHAD d/b/a "Malaysia Airlines," and MALAYSIAN AIRLINE SYSTEM BERHAD (Administrator Appointed) d/b/a "Malaysia Airlines," for compensatory damages, plus interest, costs, and attorneys' fees.

Respectfully submitted,

_____

Steven C. Marks (D.C. Bar No. FL0004)
Podhurst Orseck P.A.
25 West Flagler Street
Suite 800
Miami, Florida 33130
Tel: 305-358-2800
Fax: 305-358-2382

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com